IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| SAUNDERS FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:24-cv-00204 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| C/O AGNOR and LT. BROGDOM, | ) By:  Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendants. | ) |

Plaintiff Saunders Franklin, proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 against Defendants C/O Agnor and Lt. Broggins.[1] (*See* Compl. [ECF No. 1].) On June 28, 2024, Defendants jointly filed a motion to dismiss Plaintiff's claims against them. (*See* Defs.' Mot. to Dismiss [ECF No. 13].) The Court directed Plaintiff to respond to the motion within 21 days. (*See* Notice, July 3, 2024 [ECF No. 15].) But rather than filing a response to the motion, Plaintiff moved to amend his complaint. (*See* Pl.'s Mots. to Am. [ECF Nos. 16, 17].) The Court granted Plaintiff leave to amend and directed Plaintiff to file an amended complaint within 30 days. (Order, Sept. 13, 2024 [ECF No. 21].) The Court advised Plaintiff that, if he failed to file an amended complaint within the 30-day period, "the original complaint will remain the operative complaint in this action, and the Court will consider Defendants' motion to dismiss that complaint." (*See id.*)

More than 30 days have elapsed since the date of the Court's order, and Plaintiff has not filed an amended complaint. Accordingly, this matter is now before the Court on

---

[1] Defendants clarify in their motion to dismiss that the party identified by Plaintiff as "Lt. Brogdom" is actually Lieutenant Christine Broggins. (*See* Defs.'s Mot. to Dismiss 1.)

Defendants' motion to dismiss. For the following reasons, the Court will grant Defendants' motion and dismiss this action.

## I.

Plaintiff's brief complaint alleges, in its entirety, that Defendant "Agnor use[d] ex[cessive] force (2) times by slamming [him] on the floor, punching [him,] and slamming [him] against [a] steel wall," and that Defendant Broggins "was in charge [but] she just watch[ed] along with 8 or more guards." (Compl. 2.) Based on these limited allegations, Plaintiff asks the Court to award him $30,000 in damages and direct that Defendants lose their jobs. (*Id.* at 3.)

Defendants filed a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim for which relief may be granted. (*See* Defs.' Mot. to Dismiss 1.) Plaintiff did not timely respond to Defendants' motion, which is now ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "plausibility" is not akin to "probability," the Federal Rules require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief,'" and the Court must grant the motion to dismiss. *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff brings his claims under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff does not clearly allege whether the incidents described occurred while he was a pretrial detainee or a prisoner. Because he alleges that the events occurred while he was incarcerated at Lynchburg Adult Detention Center, however, the Court infers that Plaintiff was a pretrial detainee at the time of the events. (Compl. 2.) Consequently, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see Simmons v. Whitaker*, 106 F.4th 379, 387 (4th Cir. 2024) ("For a pre-trial detainee, the proper standard comes from the Fourteenth Amendment.").

**A.**

Plaintiff claims that Defendant Agnor used excessive force against him on two unspecified occasions. (*See* Compl. 2.) To succeed on his excessive-force claim against Agnor, Plaintiff must allege facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Simmons*, 106 F.4th at 387 (citing *Kingsley*, 576 U.S. at 396–97). This test involves two elements. First, the plaintiff must allege facts that, if true, would show that the defendant acted deliberately "with respect to his physical acts." *Kingsley*, 576 U.S. at 396. This means that "his state of mind with respect to the bringing about of certain physical consequences in the world" must have been "purposeful, . . . knowing, or possibly . . . reckless." *Id.* ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." (emphasis in original)).

Second, the use of force must have been "objectively unreasonable." *Id.* at 397. To determine whether the force used was reasonable, the Court considers the following, non-exhaustive list of factors:

- 4 -

>the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397. The test for reasonableness is not to be applied "mechanically," but it "requires careful attention to the facts and circumstances of each particular case." *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 467 (2021).

In support of his excessive-force claim, Plaintiff alleges that Agnor "slamm[ed] [him] on the floor," "punch[ed] [him]," and "slamm[ed] [him] against [a] steel wall." (Compl. 2.) Agnor argues that Plaintiff's complaint fails to allege facts showing that the force used was "excessive" and rather than "a good-faith effort to restore discipline." (Memo. in Supp. of Defs.' Mot. to Dismiss 4–5.) Even if the Court infers that "slamming" and "punching" are deliberate actions sufficient to satisfy the first element of his claim,[2] the lack of detail in Plaintiff's complaint makes it impossible to evaluate the reasonableness of Agnor's force under *Kingsley*. For this reason, the Court cannot find that he has made a plausible allegation of excessive force.

An officer's use of force "cannot be judged in a vacuum" but rather "turns on the facts and circumstances of each particular case." *Aliff v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 2:15-CV-13513, 2016 WL 5419444, at *7 (S.D.W. Va. Sept. 26, 2016) (citing *Kingsley*, 576 U.S. at 397). Because the reasonableness element of a Fourteenth Amendment excessive-force claim is "highly fact-dependent," the reviewing court "must take into account the perspective

---

[2] *Cf. Dunham v. Cnty. of Monterey*, No. 18-CV-04467-AGT, 2020 WL 9395224, at *7 (N.D. Cal. Apr. 29, 2020) (finding force consisting of "punching" and "striking" was "clearly deliberate")

- 5 -

of a reasonable officer on the scene, including what the officer knew at the time[.]" *Bratcher v. Hampton Roads Reg'l Jail*, No. 1:16CV224 (AJT/IDD), 2018 WL 1037052, at *4 (E.D. Va. Feb. 21, 2018), *aff'd*, 738 F. App'x 793 (4th Cir. 2018) (citations omitted). Thus, "a court must have some knowledge of the circumstances surrounding a given use of force—beyond the unadorned accusation that it was excessive and generally in violation of all laws and regulations governing a prison official's use of force—in order to draw the inference that such use of force was constitutionally unreasonable." *Aliff*, 2016 WL 5419444, at *7; *see also Vizbaras v. Prieber*, 761 F.2d 1013, 1016 (4th Cir. 1985)("The use of force, however, is not *per se* unconstitutional.").

Courts in this Circuit have repeatedly dismissed Fourteenth Amendment excessive-force claims based on factual allegations too sparse to allow the inference that the defendant acted unreasonably. *See, e.g., Moss v. Youngkin*, No. 7:23-CV-00457, 2024 WL 4008652, at *4 (W.D. Va. Aug. 30, 2024) (dismissing Fourteenth Amendment excessive-force claim where plaintiff did "not allege that he suffered any injury as a result of the defendants' actions" and his complaint was "devoid of facts from which the court could reasonably infer that the defendants' actions were objectively reasonable under the circumstances"); *Tomashek v. Raleigh Cnty. Emergency Operating Ctr.*, No. 2:17-CV-01904, 2018 WL 502752, at *6 (S.D.W. Va. Jan. 22, 2018) (finding plaintiff's allegation that defendant "physically and brutally" restrained him was insufficient to state a claim for excessive force because plaintiff did not offer "any facts regarding when he was restrained, how many times he was restrained, why he was restrained, how he was injured by the restraint, any effort made by the officers to temper or limit the amount of force, or whether he was resisting" and thus "failed to offer any detail that would

allow the court to gauge the reasonableness of the correctional officer's use of restraints"); *Aliff*, 2016 WL 5419444, at *6–7 (finding the plaintiff failed to state a claim for excessive force in violation of the Fourteenth Amendment because the complaint was "utterly devoid of factual allegations describing Defendants' use of force or the circumstances that made it illegal" and thus "lack[ed] sufficient factual allegations to permit a reasonable inference that any use of force against Plaintiff was objectively unreasonable"); *Randolph v. Potter*, No. CV PWG-16-2739, 2017 WL 3158775, at *2 (D. Md. July 21, 2017) (finding plaintiff's allegation that defendants "attacked him, without any details about the alleged attack or the injuries he may have suffered," was insufficient to state a claim for relief under the Fourteenth Amendment). As in those cases, Plaintiff has not offered sufficient factual detail surrounding Agnor's use of force to allow the Court to reasonably infer that Agnor's force was unreasonable. He has not alleged what he was doing at the time of the encounter, whether he was resisting, whether Agnor first attempted to use less forceful means, or whether Plaintiff was injured as a result of Agnor's actions. Because Plaintiff has not carried his burden to show more than a mere possibility that Defendant Agnor used excessive force, his claim against Agnor cannot survive Rule 12(b)(6) scrutiny. *See Twombly*, 550 U.S. at 570 (dismissing complaint where plaintiff had not "nudged their claims across the line from conceivable to plausible).

**B.**

Because Plaintiff has failed to state an excessive-force claim against Agnor, his claim based on Defendant Broggins's alleged failure to intervene also fails. The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold

the law and protect the public from illegal acts, regardless of who commits them." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416–17 (4th Cir. 2014) (quoting *Randall v. Prince George's Cnty.*, 302 F.3d 188, 203 (4th Cir. 2002)). To state claim based on bystander liability, a plaintiff must allege that the officer "(1) knew that a fellow officer was violating [his] constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act." *Id.* at 417 (cleaned up). Thus, where there is no underlying constitutional violation, there can be no liability based on a bystander's failure to intervene. *See Shafer v. Toman*, No. 5:21-CV-00014, 2022 WL 4134774, at *5 (W.D. Va. Sept. 12, 2022) (citing *Randall*, 302 F.3d at 203).

Here, Plaintiff has not plausibly alleged that Agnor committed a constitutional violation. Consequently, Broggins cannot be liable for failing to prevent such a violation, and Plaintiff's claim against Broggins must be dismissed as well. *See id.*

## IV.

For the reasons set forth above, the Court will grant Defendants' motion to dismiss and will dismiss this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 22nd day of January, 2025.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE